Nov. Term,
1838.

Jones and Another *v.* Blane.

Jones
v.
Blane.

Indebitatus assumpsit for goods sold and delivered. Plea, that the defendant and one *B.* undertook to build a house for one of the plaintiffs, and the plaintiffs agreed that any goods and money they might advance to the defendant or *B.* should be considered as so much paid on account of the work; that the goods and money mentioned in the declaration were furnished, under the contract, by the plaintiffs to the defendant; and that the house was built agreeably to the contract. *Held,* that the plea amounted to the general issue, and might therefore have been specially demurred to; but that it was good on general demurrer.

*Wednesday,*
*November 21.*

ERROR to the *Putnam* Circuit Court.

Dewey, J.—The plaintiffs in error, who were plaintiffs below, declared against *Blane* for goods, &c. sold and delivered, money lent, &c.

In addition to the general issue, the defendant pleaded specially, that he and one *Burton* contracted with *Jones*, one of the plaintiffs, to build for him a house on certain terms; that the plaintiffs agreed with the defendant and *Burton*, that all advances either in goods or money which might be made from the mercantile establishment of the plaintiffs, (they being partners in trade,) either to the defendant and *Burton*, or to either of them, should be received on the contract for building the house, and in satisfaction of so much of the sum to be paid for the same as the advances might amount to; and that the goods, money, &c. mentioned in the declaration were advanced by the plaintiffs, and received by the defendant, under the contract as part of the sum to be paid by *Jones* for building the house; that the house was built by the defendant and *Burton* agreeably to the contract. The plea concludes "and so the defendant avers that he has well and truly paid the said plaintiffs the amount of their said demand, which he is ready to verify, &c."

The plaintiffs demurred generally to the plea, the demurrer was overruled, and final judgment rendered for the defendant.

The counsel for the plaintiffs consider the plea as one of special payment under the statute in the nature of a set-off, and contend that it is bad for want of mutuality. The objection certainly would be well taken were the plea of that character, for it has neither the form nor substance of

a good plea of payment under the statute setting off mutual dealings between the parties. But we do not view it in that light. It does not profess to set off subsisting demands in favour of the defendant and *Burton*, nor of either of them, against the claim of the plaintiffs, nor of either of them. It virtually denies the cause of action, and contends that the goods, money, &c. mentioned in the declaration, were delivered and advanced by the plaintiffs to the defendant, not on a contract of sale or loan, but in satisfaction in part of a demand in favour of the defendant and *Burton* against one of the plaintiffs. The plea simply contains special matter amounting to the general issue. A valid objection might have been urged against it on special demurrer, but a general demurrer does not reach the defect.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*A. Kinney, J. Cowgill,* and *M. Hulett,* for the plaintiffs.
*T. A. Howard,* for the defendant.